# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o 718 Arch Street, Suite 501 S., Philadelphia, PA 19106

Address of Defendant: 615 Chestnut Street, Suite 1250, Philadelpha, PA 19106

Place of Accident, Incident or Transaction: USP Allenwood-Low, White Deer, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Federal Tort Claims Act

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Jonathan H. Feinberg, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/14/2015   _____ Attorney-at-Law   88227 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/14/2015   _____ Attorney-at-Law   88227 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Merritt Stansfield | : | CIVIL ACTION |
| v. | : | |
| United States of America | : | NO. 15 3896 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| 7/14/2015 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-925-4400 | 215-925-5365 | jfeinberg@krlawphila.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 1 4 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MERRITT STANSFIELD,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 15-_____ |
| **UNITED STATES OF AMERICA,** | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff Merritt Stansfield brings this action due to the failure of the Federal Bureau of Prisons and its employees to provide him with a medically necessary bilateral hip replacement surgery to address his chronic degenerative joint disease condition. Due to the BOP's refusal to authorize a simple and inexpensive hip replacement procedure for Mr. Stansfield, he was forced for a period of more than 15 months to live with extraordinary and disabling pain and discomfort which rendered him incapable of caring for himself.

2. Mr. Stansfield brings this action against Defendant United States of America under the Federal Tort Claims Act in order to seek compensation for the substantial damages he suffered due to his prolonged physical and emotional pain and suffering.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1346(b).

4. On or about August 29, 2014, Mr. Stansfield submitted a timely Administrative Tort Claim to the BOP. In correspondence dated February 23, 2015, the BOP denied the claim. Mr. Stansfield has, therefore, exhausted administrative remedies.

5. Venue is proper in this District under 28 U.S.C. § 1402(b) as Mr. Stansfield presently resides in Broomall, Pennsylvania, within the Eastern District of Pennsylvania.

### III.  PARTIES

6. Plaintiff Merritt Stansfield was at all times relevant to this Complaint incarcerated in BOP facilities, including FCI Allenwood Low ("Allenwood") and FMC Rochester ("Rochester"). He is no longer incarcerated and presently resides in Broomall, Pennsylvania.

7. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

8. At all times relevant to this Complaint, all medical personnel mentioned below, including Jay Miller, M.D., E. Santos, D.O., J. Reid, PA-C, Richard Andreuzzi, PA-C, as well as other unnamed personnel, were employees of BOP and Defendant United States of America and were acting within the scope and course of their employment.

### IV.  FACTS

9. Beginning in 2003, Mr. Stansfield was incarcerated at FCI Allenwood Low due to a conviction in the U.S. District Court for the Middle District of Pennsylvania.

10. During the summer of 2012, Mr. Stansfield began to experience serious lower back pain, which appeared to be a significant aggravation of pre-existing chronic low back discomfort relating to an injury he suffered in the early 1990s.

11. In mid-September 2012, the serious back pain began to radiate into Mr. Stansfield's right leg, all the way to his right foot.

12. On September 20, 2012, a physician's assistant, Richard Andreuzzi, PA-C, concluded that Mr. Stansfield had degenerative joint disorder in his right hip. PA Andreuzzi requested an orthopedic consultation.

13. Thereafter, Mr. Stansfield's pain increased substantially and he began to experience the same symptoms in his left hip.

14. By late 2012 or early 2013, Mr. Stansfield was on a regular basis experiencing episodes of his hips "popping" out of joint, which Mr. Stansfield believed to be dislocations of the hip joints.

15. Each such occasion caused Mr. Stansfield extreme pain.

16. Mr. Stansfield's degenerative joint disorder continued to increase in severity to the point that Mr. Stansfield could no longer walk unassisted by crutches or some other device without experiencing what he believed to be a hip dislocation.

17. Throughout the time period of late 2012 and early 2013, Mr. Stansfield was seen repeatedly by medical professionals at Allenwood, including, most frequently, Jay Miller, M.D., and PA Andreuzzi.

18. These medical professionals and others were aware of Mr. Stansfield's extreme pain, the limits to his mobility and the severe impact on his daily life activities.

19. Notwithstanding the awareness of these medical professionals concerning Mr. Stansfield's medical condition and need for treatment, the medical professionals failed to ensure that Mr. Stansfield would be provided with appropriate and needed medical intervention.

20. In October 2012, Mr. Stansfield's medical condition was considered by the "Utilization Review Committee" at Allenwood, a committee of medical and correctional officials tasked with determining whether outside medical care should be provided to inmates.

21. The Utilization Review Committee, which included as members Jay Miller, M.D., E. Santos, D.O., and J. Reid, PA-C, decided that Mr. Stansfield should not be provided with an orthopedic referral and should continue to see medical staff at Allenwood.

22. Due to the decision of these medical professionals, Mr. Stansfield was denied access to medical care which could have alleviated his extreme physical pain and suffering.

23. By the spring of 2013, Mr. Stansfield was told by Allenwood medical staff that the only treatment which would resolve his ongoing severe pain and lack of mobility was replacement of both hips.

24. Mr. Stansfield was informed by Allenwood medical staff, however, that he would not be provided with this surgical procedure because he was approaching his release date and the BOP would not pay for the procedure and follow up treatment.

25. Accordingly, Mr. Stansfield was left to remain in constant severe pain and discomfort, unable to walk without crutches or some other assistive device.

26. In August 2013, Mr. Stansfield was, consistent with BOP practices for inmates approaching the end of their incarceration sentences, released to a halfway house.

27. Because Mr. Stansfield's condition was so disabling, though, he was unable to participate in any rehabilitative programs at the halfway house.

28. On October 15, 2013, because Mr. Stansfield was unable to participate in any such programs, he was deemed by BOP to be a "halfway house failure."

29. Mr. Stansfield was, due to this determination, recommitted to Allenwood.

30. As soon as Mr. Stansfield was recommitted, though, because he could not care for himself, he was transferred to Muncy Valley Hospital, an outside medical facility.

4

31. Because BOP would not authorize medical professionals at Muncy Valley Hospital to conduct hip replacement surgery, Mr. Stansfield was treated only with powerful pain medication.

32. Mr. Stansfield remained at Muncy Valley Hospital for thirty days, until November 14, 2013.

33. Throughout that time, because Mr. Stansfield could only receive pain medications to treat his symptoms, he was bedridden.

34. While at the hospital, Mr. Stansfield was handcuffed and shackled to his bed with two correctional officers present in his room at all times.

35. Upon his release from Muncy Valley Hospital, Mr. Stansfield was flown by BOP in a private jet to FMC Rochester.

36. When Mr. Stansfield arrived at Rochester, medical staff there noted that hip replacement surgery had been recommended by several different providers.

37. Notwithstanding those recommendations, because BOP refused to authorize the procedure, Mr. Stansfield was, once again, given only powerful pain medications.

38. He continued to remain unable to care for himself and unable to participate in any daily life activities.

39. On January 31, 2014, Mr. Stansfield completed service of his sentence.

40. He was placed on an airplane and flown to Philadelphia where he was driven to his new residence at a homeless shelter.

41. Shortly after his release, Mr. Stansfield was deemed eligible for medical assistance, and, upon the activation of his medical insurance, he underwent hip replacement surgery.

5

42. By the time Mr. Stansfield had surgery, his hips were in such a deteriorated state that he was completely unable to move.

43. As a result of the actions of BOP medical staff, Mr. Stansfield experienced fifteen months of extreme pain and discomfort, emotional trauma, and the complete inability to participate in daily life activities.

44. Throughout the fifteen months during which Mr. Stansfield was denied access to a medical procedure which would have resolved his disabling condition, the BOP chose to proceed with other expensive measures including releasing him to a halfway house where he was unable to participate in required activities, sending Mr. Stansfield to a private hospital where he was treated only symptomatically and was observed full-time by two correctional officers, flying him on a chartered jet to the Federal Medical Center at Rochester where he continued to receive only symptomatic treatment, and returning him to Philadelphia on yet another flight.

45. BOP medical staff, including those referenced above, were, throughout this fifteen-month period, aware of Mr. Stansfield's need for hip replacement surgery and aware that the decision not to authorize this surgery caused Mr. Stansfield significant pain and suffering and rendered him unable to participate in daily life activities.

46. As such, the actions and inactions of BOP medical staff were outside generally accepted standards of care in the community.

47. As a result of the actions and inactions of BOP medical staff as described above, Mr. Stansfield suffered substantial damages including physical pain and suffering, emotional trauma, loss of the enjoyment of life and financial damages, some or all of which may be permanent.

## V.  CAUSES OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligence

48. The BOP employees referenced above, including Jay Miller, M.D., E. Santos, D.O., J. Reid, PA-C, and Richard Andreuzzi, PA-C, owed a duty to plaintiff, breached their duty to plaintiff, and, as such, were direct and proximate causes and substantial factors in bringing about plaintiff's damages outlined above.

49. The actions of the BOP employees referenced above, including but not limited to Jay Miller, M.D., E. Santos, D.O., J. Reid, PA-C, and Richard Andreuzzi, PA-C constitute the tort of negligence under the laws of the Commonwealth of Pennsylvania.

50. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count II
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligent Infliction of Emotional Distress

51. The BOP employees referenced above, including Jay Miller, M.D., E. Santos, D.O., J. Reid, PA-C, Richard Andreuzzi, PA-C, owed a duty to plaintiff, breached that duty, and caused plaintiff to suffer severe emotional distress, which was the direct and proximate result of defendants' breach of duty.

52. The actions of the BOP employees referenced above, including but not limited to Jay Miller, M.D., E. Santos, D.O., J. Reid, PA-C, and Richard Andreuzzi, PA-C constitute the tort of negligent infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.

53. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Wherefore**, plaintiff Merritt Stansfield respectfully requests:

A. Compensatory damages;

B. Reasonable attorneys' fees and costs;

C. Such other and further relief deemed just and appropriate.

_____
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*

8